short

# In the United States Court of Federal Claims

No. 19-1305C

(Filed: September 11, 2019)

**NOT FOR PUBLICATION**

| | |
|---|---|
| WALTER L. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Pro Se Complaint; <u>Sua Sponte</u> |
| v. | ) Dismissal for Want of |
| | ) Jurisdiction; RCFC 12(h)(3); |
| THE UNITED STATES, | ) Injunction Against the Filing of |
| | ) New Complaints without Leave of |
| Defendant. | ) the Chief Judge. |
| | ) |

ORDER

The complaint of pro se plaintiff Walter Allen, ECF No. 1, is currently before the court. Because the court lacks jurisdiction over plaintiff's claim, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.  Background

Plaintiff's handwritten complaint is largely incoherent. The first line of the complaint indicates that Mr. Allen's suit is "[a]ll related to Domestic Violence (verbal dispute only)." ECF No. 1 at 1. The complaint references the fact that plaintiff was arrested, id., then "Detained and Bail[ed] out," id. at 2. One of the attachments to the complaint is the record of the arraignment of Mr. Allen, which shows that the "DVI" charge was later dismissed. ECF No. 1-1 at 1.

Mr. Allen, on the civil cover sheet attached to his complaint, describes the nature of his suit as one sounding in Unjust Conviction and Imprisonment. ECF No. 1-2 at 1. The amount claimed in this suit is "100,000,000,000,000,000.00," or "one hundred million zillion dollars." Id. There is no indication, however, that there was any conviction that might support such a claim. See ECF No. 1 at 1 ("Court Appearances Disposition Dismissed."). Nor is there any indication that a federal criminal statute or

federal officials were involved in either the arrest of or adjudicative proceedings for Mr. Allen as to the incident described in the complaint.

II.   Analysis

There are at least two impediments to this court's jurisdiction over plaintiff's unjust conviction and imprisonment claim. First, such a claim, to be within the jurisdiction of this court, must be founded on a conviction for a federal crime. 28 U.S.C. § 1495 (2012). There is no such allegation in the complaint. Second, the conviction for a federal crime must have been reversed or set aside. 28 U.S.C. § 2513 (2012). Again, there is no such allegation in the complaint. Without these two prerequisites to suit, an unjust conviction claim filed in this court must be dismissed for lack of jurisdiction. See, e.g., Salman v. United States, 69 Fed. Cl. 36, 39 (2005) (citations omitted).

III.   Conclusion

The court does not possess subject matter jurisdiction over this suit and this case must be dismissed. The court notes, too, that this is plaintiff's second complaint assigned to the undersigned judge. See Allen v. United States, Case No. 19-1272C. In addition to the cases assigned to the undersigned judge, Mr. Allen has filed eight other cases in this court since May 23, 2019. See Allen v. United States, Case Nos. 19-791C, 19-1123C, 19-1151C, 19-1171C, 19-1260C, 19-1302C, 19-1303C, and 19-1304C. To date, four of these cases have been dismissed for lack of jurisdiction. See Allen v. United States, Case Nos. 19-791C, 19-1151C, 19-1260C and 19-1272C. The filing of ten complaints by Mr. Allen in less than four months, as evidenced by the dismissal of half of the suits, shows that these suits are filed without any consideration of the jurisdiction of this court. This is a repetitive and frivolous filing pattern which consumes valuable judicial resources.

Accordingly,

(1)   The clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3);

(2)   The clerk's office is directed to **RETURN** any future filings not in compliance with this court's rules to plaintiff, **UNFILED**, without further order of the court, except for any notice of appeal; and

(3)   Because plaintiff has repetitively filed complaints which needlessly consume the resources of the court, the court enters the following anti-filing injunction:

> Mr. Allen is immediately **ENJOINED** from filing any new complaints with this Court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims to do so.

Any motion for leave to file must include as an attachment a full complaint that meets all of the requirements of RCFC 8; in particular the complaint must identify the source of law supporting this court's jurisdiction over the claims asserted. Thus, the clerk's office is directed to **REJECT** all future complaints from Mr. Allen unless filed by leave of the Chief Judge.

IT IS SO ORDERED.

*[signature: Patricia T. Campbell-Smith]*
PATRICIA E. CAMPBELL-SMITH
Judge